## Commonwealth v. 1956 Ford Truck

*Horace A. Segelbaum*, for Commonwealth.
*Laucks, Boyle & Monroe*, for intervenors.

ANDERSON, P. J., July 28, 1958.—This proceeding is before the court on petition of the Pennsylvania Liquor Control Board seeking the forfeiture of a Ford pick-up truck alleged to have been used in violation of the provisions of the Liquor Code of April 12, 1951, P. L. 90, as amended. By order of this court on December 23, 1957, by Sherwood, P. J., the Universal C. I. T. Credit Corporation was allowed to intervene as the owner and holder of a bailment lease on the aforesaid truck in the original amount of $1,150.05, on which there was due at the time of the seizure the sum of $1,095.38. Testimony was taken on the merits and there are but two questions before the court for decision.

1. At the time of seizure by the liquor control agents was the truck being used in the illegal manufacture or transportation of liquor?

2. If the truck was so used should it under the circumstances here involved be forfeited and condemned?

Under the testimony the first question is very easily answered in the affirmative, for it discloses that while the officers were making a nocturnal raid on a 500-gallon still, this truck, operated and occupied by two juveniles, arrived at the scene loaded with 20 cases of empty two-quart mason jars, similar to a large quantity of jars found in and around the still, of which 10 cases were empty and the others filled with 72 gallons of white moonshine liquor.

The second question is slightly more difficult, since the testimony relative thereto leaves much to be desired. However, based on the testimony presented and the law applicable thereto, we conclude that this truck

should not be condemned or forfeited in view of the following circumstances.

The investigation conducted by the Credit Corporation at the time it acquired the lease revealed that the truck was owned by a Mrs. Joines, a woman of good reputation, who was separated and living apart from her husband, a known former moonshiner. When the truck was seized it was being operated on license plates registered in the name of one John Sutherland, although still titled in Mrs. Joines' name. She had been the registered owner for some two months and apparently had made but one payment on account of the bailment lease, which provided a default in case of illegal use of the truck. Mrs. Joines did not appear at the hearing. Counsel suggests that since she had made but one payment on the lease, she had no particular interest in the proceeding. Family pride and mother love may also have been involved, since it appears one of her young sons was involved in the venture.

Formerly it was the law that if a vehicle was unlawfully used in the illicit liquor trade the court shall order it destroyed or turned over to the liquor control board: Liquor Code of April 12, 1951, P. L. 90, art. VI, sec. 602. Now, however, as amended by the Act of 1956, the law states that if a vehicle was so unlawfully used "the court may in its discretion adjudge same forfeited and condemned as hereinafter provided": Act of April 20, 1956, P. L. (1955) 1508, sec. 1.

Had it been shown that Mrs. Joines, the owner, had any connection with or knowledge that the truck was being used in the unlawful liquor business we would not hesitate to forfeit it. But here so many peculiar circumstances are involved. The truck was being operated under a license issued to someone else. It may have been stolen, or operated by her son without

her knowledge or consent, which would create an embarrassing situation for the mother, who is apparently an honest woman of good character and repute. In any event it would not seem fair or just to the Credit Corporation to resolve all these unanswered questions to its prejudice and thus deprive it of its lien on the truck, which lease agreement was certainly entered into in good faith without any reason to be apprehensive as to the truck's use. Therefore, in the exercise of our discretion we rule that the truck involved should not be forfeited, and enter the following order.

And now, to wit, July 28, 1958, the petition for forfeiture of one 1956 Ford pick-up truck filed February 11, 1957, by the Pennsylvania Liquor Control Board is refused, and the same is ordered delivered to the record owner, unless within five days the Universal C. I. T. Credit Corporation, intervenor, takes the necessary legal steps to enforce its lien.